**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

| | |
|---|---|
| **MICHAEL A. JONES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:21-cv-433-RGJ |
| | ) |
| **HORIZONS YOUTH SERVICES, LC** | ) |
| | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Michael A. Jones ("Jones" or "Plaintiff"), by counsel, brings this action against Defendant, Horizons Youth Services, LC ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.* and the Kentucky Civil Rights Act.

### II. PARTIES

2. Jones, at all relevant times to this ligation, resided within Jefferson County, which is within the geographical boundaries of the Western District of Kentucky.

3. Defendant is a limited liability company that maintains offers and conducts business within the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4.Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C§1331; 28 U.S.C. §1343; 28 U.S.C. §1367; and 42 U.S.C. §2000e-5(f)(3).

5.Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and KRS3444.030(2).

6.Jones was an "employee" as that term is defined by 42 U.S.C.§2000e(f) and KRS344.030(5).

7.Jones satisfied his obligation to exhaust his administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on his sex and retaliation. Jones received his Notice of Suit Rights and timely files this action.

8.A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9.Jones began working for the Defendant in or about September 2019, as a Culinary Arts Instructor at the Whitney Young Job Corps Center ("Center").

10.At all relevant times, Jones met or exceeded Defendant's legitimate performance expectations.

11. In early November 2019, Jones informed a coworker, Miracle Howard, that her sexual advances were no longer welcome. Howard did not react favorably to Jones' requests that she stop sexually harassing him.

12. Howard frequently physically touched and engaged in sexual innuendo with males at the Center.

13. After Jones requested that Howard stop harassing him, she began incessantly calling and texting Jones, leaving messages of that were sexual and derogatory in nature.

14. Howard also began threatening Jones' job in her messages. In one message, she reminded Jones that she knew people in high positions at the Center that can get him fired. Howard was referring to Deandrea McKinney, Academic Manager, and Deidra Perry, Human Resource Manager.

15. When Jones refused to answer Howard's messages, she began calling his desk phone which interfered further with his ability to do his job.

16. In or about December 2019, Howard approached Jones and accused him of having an intimate relationship with Tonya Walker, Finance Director. Howard spread this rumor at an all-staff training and at the Christmas Party. Jones was not having a relationship with Walker and the rumors started by Howard significantly interfered with his ability to do his job.

17. Howard began asking Jones to come to her house to do chores for her, such as hanging a TV on the wall. Jones saw these requests as Howard manipulating opportunities to get him alone in her house and, appropriately, declined.

18. Jones complained about Howard's conduct to Dr. Stephanie Barber, Center Director. Dr. Barber set up a mediation. At the end of the mediation, Dr. Barber told Jones and Howard to stay out of each other's areas.

19. Following the mediation, the hostile work environment did not improve. Howard persisted spreading sexual rumors about Jones.

20. In early 2020, Jones was promoted to Cafeteria Manager; however, for over a month and a half, Perry did not allow him to transition into his new role. Perry told him that he could not transition until there was a replacement for his prior position; however, other individuals were allotted to immediately transition into their new role despite a replacement not yet being identified. For example, Howard was allowed to immediately transition to her new role when she was promoted in 2020 to Business Community Liaison.

21. In response to Jones' complaint, Dr. Barber threatened Jones with a PDN and Perry was not disciplined for treating Jones less favorably than similarly situated females.

22. While the rumors of Jones and Walker having a sexual relationship that were perpetuated by Howard continued to circulate, Defendant did nothing to quell the rumors or discipline the wrongdoers. Instead, Dr. Barber instructed Jones to stop bringing his complaints to Human Resources.

23. Because the sexual harassment and hostile work environment persisted, Jones was left with no choice but to submit his resignation. The separation of his employment due to the hostile work environment amounts to a constructive discharge.

## V. CAUSES OF ACTION

24. Jones hereby incorporates paragraphs one (1) through twenty-three (23) of his Complaint.

25. Defendant has allowed Jones to be harassed and discriminated against him based on his sex.

26. Defendant's actions were intentional, willful, and in reckless disregard of Jones' rights as protected by the Kentucky Civil Rights Act and Title VII of the Civil Rights Act of 1964.

27. Jones has suffered and continues to suffer damages as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Terrance Jones, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her race and sex ;

2. Order that the Plaintiff be awarded any back pay he would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

3. Award the Plaintiff compensatory damages, consequential damages, and lost wages and benefits in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's unlawful actions;

4. Award the Plaintiff punitive damages;

5. Award Plaintiff his attorney fees, litigation expenses, and costs incurred as a result of this action;

6. Award the Plaintiff pre- and post-judgement interest on all sums recoverable; and

7. Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/Andrew Dutkanych III*
Andrew Dutkanych III, Attorney No. 23551-49
144 North Delaware Street
Indianapolis, IN 46204
Telephone:   (317) 991-4765
Facsimile:   (812) 424-1005
Email:       ad@bdlegal.com
*Counsel for Plaintiff, Michael Jones*

## DEMAND FOR JURY TRIAL

Plaintiff, Michael Jones, by counsel, request a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/Andrew Dutkanych III*
Andrew Dutkanych III, Attorney No. 23551-49
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991-4765
Facsimile: (812) 424-1005
Email: ad@bdlegal.com
*Counsel for Plaintiff, Michael Jones*

7